J. W. HULIN v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 30 November, 1921.)

**Appeal and Error—Verdicts—Issues—Instructions—Nonsuit—Telegraphs —Mental Anguish.**

Where a complaint states two causes of action to recover damages for mental anguish against a telegraph company for negligent delay in the transmission and delivery of two messages, one relating to the illness and the other to the death of the plaintiff's mother, and the cause has been dismissed, without exception taken as to the first, and as to the second the issue of negligence refers to both messages or "either of them," which was emphasized in the instruction of the court and found in the affirmative by the jury, the verdict does not necessarily show a finding of negligence as to the death message, the one under investigation, and a new trial will be ordered on appeal.

APPEAL by defendant from *Bryson, J.,* at March Term, 1921, of RANDOLPH.

Civil action to recover damages for an alleged negligent failure to transmit and promptly deliver two telegrams—one announcing the serious illness, and the other the death of plaintiff's mother.

The first message was sent from Star, N. C., at 1 p. m. on 26 December, 1919, approximately an hour before the death of plaintiff's mother, and the second, or death message, was sent from Troy, N. C., at 5:12 p. m. on the same day. This last message was taken "subject to delay," as the defendant had no telegraph office at Denton, N. C., the plaintiff's home. Both telegrams reached the plaintiff by mail about 5 p. m. on the following day.

The plaintiff had seen his mother on Thursday before Christmas, and knew of her illness; she was about ninety years old, and her demise was not unexpected. Plaintiff lived between twenty and twenty-five miles from his mother's home; and, while he had no telephone in his house, nor she in hers, yet such communication was available.

At the close of plaintiff's evidence his Honor granted the defendant's motion for judgment as of nonsuit on the first cause of action, or the one growing out of the defendant's alleged negligent failure to deliver the first message within a reasonable time.

On the second cause of action, or the one based upon the defendant's alleged negligent failure to deliver the death message, as required by law, the jury returned the following verdict:

"1. Did the defendant receive for transmission, and negligently fail to transmit and deliver the telegrams mentioned in the complaint, or either of them? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover? Answer: '$1,250.' "

From a judgment on the verdict in favor of plaintiff, the defendant appealed.

*Hammer & Moser for plaintiff.*
*J. A. Spence and Tillett & Guthrie for defendant.*

STACY, J. The ruling of his Honor in granting the defendant's motion for judgment as of nonsuit on the initial cause of action, or on the one growing out of the defendant's alleged negligent failure to deliver the first message within a reasonable time, is not before us for review, as the plaintiff has not appealed. But it would seem that this position is entirely correct, in so far as any substantial damages are concerned; for, even if the telegram had been delivered without delay, the plaintiff could not possibly thereafter have reached the bedside of his mother prior

to her death. The question of a technical breach of duty, involving only nominal damages, is not presented for consideration. *Smith v. Tel. Co.,* 167 N. C., 248, and cases there cited.

Notwithstanding the judgment of nonsuit on the initial cause of action, it will be observed that the issues submitted to the jury are not confined to the second cause of action, or to the one based upon the defendant's alleged negligent failure to transmit and deliver the death message in due time, or with reasonable dispatch. The first issue in terms refers to both of the telegrams, or to *either of them.* Hence, it does not conclusively appear, because the verdict does not necessarily mean that the defendant was negligent with respect to the handling of the second, or death message. The alternative wording of the issue is further intensified by the following portion of his Honor's charge, to which the defendant has excepted and the same is assigned as error: "Has the plaintiff satisfied you from the evidence, or its greater weight, that the defendant received the message spoken of, that it negligently failed to transmit them, or either of them? If the plaintiff has so satisfied you, answer the first issue 'Yes.' "

Having entered a judgment of nonsuit on the first cause of action, we think this instruction was erroneous, because it required an affirmative answer, though the jury may have found no negligence as alleged for the basis of the second cause of action. It may have been answered from the evidence bearing upon the transmission and delivery of the first message, or the one sent from Star.

For the error, as indicated, the case will be remanded, to the· end that there may be another trial, or a *venire de novo.*

New trial.